IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARIBETH GALINDO, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | CIVIL ACTION NO. H-21-1869 |
| TIMOTHY G. JACKSON and § | |
| ALLSTATE FIRE AND CASUALTY § | |
| INSURANCE COMPANY, § | |
| § | |
| Defendants. § | |

### MEMORANDUM OPINION AND ORDER OF REMAND

Plaintiff Maribeth Galindo ("Plaintiff") filed this action on June 1, 2021, against defendants Timothy G. Jackson ("Jackson") and Allstate Fire and Casualty Insurance Company ("Allstate") (collectively, "Defendants") in the 125th District Court of Harris County, Texas, asserting claims of negligence against Jackson and underinsured motorist protection against Allstate.[1] Ross filed a Notice of Removal on June 9, 2021.[2] Pending before the court is Plaintiff's Motion to Remand (Docket Entry No. 4).

---

[1]Plaintiff's Original Petition ("Original Petition"), Exhibit C to Defendant Allstate's Notice of Removal ("Notice of Removal"), Docket Entry No. 1-3, pp. 4-5 ¶¶ 9-16. All page numbers for docket entries in the record refer to the pagination inserted at the top of the page by the court's electronic filing system, CM/ECF.

[2]Notice of Removal, Docket Entry No. 1.

For the reasons stated below, Plaintiff's Motion to Remand will be granted.

It is undisputed that Allstate is an Illinois corporation and that Plaintiff and Jackson are both Texas citizens.[3] Despite the lack of diversity between Plaintiff and Jackson, Allstate nonetheless removed Plaintiff's action to this court under 28 U.S.C. § 1332.[4] "To properly allege diversity jurisdiction under § 1332, the parties need to allege 'complete diversity.' That means 'all persons on one side of the controversy [must] be citizens of different states than all persons on the other side.'" MidCap Media Finance, L.L.C. v. Pathway Data, Incorporated, 929 F.3d 310, 313 (5th Cir. 2019) (quoting McLaughlin v. Mississippi Power Co., 376 F.3d 344, 353 (5th Cir. 2004)).

Allstate relies on the "snap removal" provision, 28 U.S.C. § 1441(b)(2), to argue that removal was proper because the non-diverse defendant (Jackson) had not yet been served at the time of removal.[5] Allstate also relies on Texas Brine Company, L.L.C. v. American Arbitration Association, Inc., 955 F.3d 482 (5th Cir. 2020) and Mirman Group, LLC v. Michaels Stores Procurement Company, Inc., Civil Action No. 3:20-CV-1804-D, 2020 WL 5645217 (N.D. Tex.

---

[3]See Notice of Removal, Docket Entry No. 1, p. 3 ¶¶ 11-13; Plaintiff's Motion to Remand, Docket Entry No. 4, p. 6 ¶ 7 (stating that "Plaintiff and Defendant Jackson are both Texas citizens.").

[4]See Notice of Removal, Docket Entry No. 1, p. 2 ¶ 9.

[5]Response to Remand, Docket Entry No. 5, p. 1 ¶¶ 1-2.

Sept. 22, 2020) to support this argument.[6] Allstate's reliance is misplaced. Under 28 U.S.C. § 1441(b)(2),

> [a] civil action otherwise removable solely on the basis of the jurisdiction under [28 U.S.C. § 1332(a)] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

The question in Brine was whether 28 U.S.C. § 1441(b)(2) prohibits a non-forum defendant from removing a case when a not-yet-served defendant is a citizen of the forum state. Brine, 955 F.3d at 485. The Fifth Circuit concluded that it does not, id. at 486, but only after recognizing that the rule of the statute "is a procedural rule and not a jurisdictional one." Id. at 485. The ruling in Brine depended on the fact that "the district court had subject-matter jurisdiction because each defendant was diverse from the plaintiff." Id. The same was true in Mirman, 2020 WL 5645217, at *2 (concluding that § 1441(b)(2) did not preclude removal "because Mirman and Michaels [were] completely diverse citizens"). "[T]he very issue of snap removal presupposes that the citizenship of the unserved forum defendant matters for determining diversity." Bingabing v. Estate of Warren, Civil Action No. 3:20-cv-0951-B, 2020 WL 3639662, at *2 (N.D. Tex. July 6, 2020). "[W]hether a defendant is served or unserved is irrelevant for jurisdictional purposes." Id. at *3.

---

[6] Id. at 1-2 ¶¶ 1, 3.

The court concludes that it lacks subject matter jurisdiction over this action because Plaintiff and Jackson are both citizens of Texas. See 28 U.S.C. § 1332. Accordingly, Plaintiff's Motion to Remand (Docket Entry No. 4) is **GRANTED**, and this case is **REMANDED** to the 125th District Court of Harris County, Texas.

The Clerk will promptly provide a copy of this Memorandum Opinion and Order of Remand to the District Clerk of Harris County, Texas.

**SIGNED** at Houston, Texas, on this 21st day of September, 2021.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE